UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CABFIXCO, INC. d/b/a METRO STORE FIXTURES, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:10-CV-2157-G |
| BANK OF AMERICA CORP., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Cabfixco, Inc. d/b/a Metro Store Fixtures ("Cabfixco"), to remand this case to the state court due to alleged procedural defects in the defendant Bank of America Corporation ("BOA")'s notice of removal (docket entry 9). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

#### A. Factual Background

On October 4, 2010, Cabfixco filed suit in state court alleging that BOA breached a contract with Cabfixco by failing to pay Cabfixco for the installation of various fixtures. Plaintiff's Original Petition and Request for Disclosure ("Petition")

¶¶ 22-43, *attached to* Notice of Removal ("Removal") *as* Exhibit 1 (docket entry 1). Cabfixco seeks $81,021.01 in damages as a result of the breach. Petition ¶ 47. BOA removed the action to this court based on diversity jurisdiction. Removal at 1-2. Cabfixco now seeks to remand the suit to state court on the ground that BOA "alleged only the residence of the parties, not the citizenship" and "fail[ed] to allege facts which satisfy the 'Total Activity Test.'" Plaintiff's Motion to Remand and Supporting Memorandum ("Remand") at 2 ¶ 7.

## II. ANALYSIS

Title 28 U.S.C. § 1441 (a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Costal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party

seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Here, BOA has alleged only diversity of citizenship as a basis of this court's jurisdiction. Removal at 1-2. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

A corporation, for the purpose of determining diversity jurisdiction, is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Cabfixco is incorporated in Texas and has its principal place of business in Texas. *See* Removal at 2; *see also* Petition ¶ 2. Cabfixco concedes that BOA is "is a foreign corporation incorporated in Delaware with its principal headquarters located in Charlotte, North Carolina." Petition ¶ 3. Therefore, the parties are completely diverse. However, Cabfixco is alleging that BOA failed to establish the citizenship of each party in its

notice of removal. *See* Remand at 2 ¶ 7. This is simply not the case, as BOA expressly averred that "the parties are diverse" showing that the plaintiff is a citizen of Texas and BOA is a citizen of both Delaware and North Carolina. *See* Removal at 2. Therefore, Cabfixco's first claim has no merit.

Cabfixco also alleges that BOA failed to establish facts satisfying the "total activity" test. Remand at 2. The Fifth Circuit developed the "total activity" test "to determine principal place of business as that term is used in section 1332(c)" in cases involving diversity jurisdiction for corporations. *J.A. Olson Company v. City of Winona, Mississippi*, 818 F.2d 401, 404 (5th Cir. 1987). In an effort to create uniformity, the Supreme Court has recently rejected the circuit court tests, including the "total activity" test, that have been used to determine the principal place of business and replaced these tests with the "nerve center" test. *Hertz Corporation v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1192 (2010). In this case, however, Cabfixco has never contested BOA's principal place of business; it has conceded, in its petition, that BOA's principal place of business is in Charlotte, North Carolina. *See* Petition ¶ 3. Therefore, neither the "total activity" test nor the "nerve center" test needs to be applied in this situation, rendering the plaintiff's second claim meritless.

Removal is proper in this case because (1) there is complete diversity, (2) the defendant is not from the forum state, and (3) the amount in controversy is $81,021.01, exceeding the $75,000 requirement. *See* Removal at 2.

## III. CONCLUSION

For the reasons stated above, the plaintiff's motion to remand this case to state court is **DENIED**.

**SO ORDERED**.

July 6, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**